**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SAMMY LEROY McMURRAY,

      Plaintiff,

v.                                                                                            No. CV 08-1064 MV/CEG

TONYA GILLESPIE,

      Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. The initial partial payment towards the filing fee will be waived, and for the reasons below the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint alleges that Defendant Gillespie ceased providing free Cokes and

cigarettes to the residents/inmates of the facility who do not receive social security payments. Plaintiff asserts that Defendant's actions have violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments. The complaint seeks $150,000,000 in damages.

Plaintiff's allegations do not support a First Amendment claim. He does not allege a denial of speech or religious rights, nor does he allege retaliation for constitutionally protected activity. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). "An inmate claiming retaliation must 'allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights.' " *Id.*(quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990)). Plaintiff's First Amendment claim will be dismissed.

No relief is available on Plaintiff's Eighth Amendment claim. Denials by officials of free Cokes and cigarettes simply do not amount to "deprivations denying 'the minimal civilized measure of life's necessities' . . . sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 347 (1981)). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Court will dismiss this claim.

Nor is relief available under the Due Process Clause or the Equal Protection Clause. In *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999), the court announced that the Supreme Court's ruling in *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995), applies to allegations of property deprivations. In *Sandin* the Court had ruled that an inmate's liberty interests are limited to freedom from significant hardships atypical of ordinary incidents of prison life. The Tenth Circuit then applied *Sandin*'s reasoning to plaintiff Cosco's allegations of property confiscation, "return[ing] the

focus of our due process inquiry from 'the language of a particular regulation' to 'the nature of the deprivation,' " *Cosco*, 195 F.3d at 1223 (quoting *Sandin*, 515 U.S. at 481), and affirmed dismissal of the claims.  Plaintiff's implicit assertion that prior institutional practice created a property interest "is precisely the methodology rejected by the Supreme Court in *Sandin*." *Cosco*, 195 F.3d at 1224. Furthermore, because Plaintiff "is not a member of a suspect class nor did he assert the deprivation of a fundamental right," *May v. Okla. Dep't of Corr.*, No. 99-6267, 2000 WL 633244, at *4 (10th Cir. May 17, 2000) (citing *Vacco v. Quill*, 521 U.S. 793, 799 (1997)), his allegations do not support an equal protection claim.  Plaintiff's due process and equal protection claims will be dismissed.

IT IS THEREFORE ORDERED that the initial partial payment towards the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____  
MARTHA VAZQUEZ  
CHIEF UNITED STATES DISTRICT JUDGE